UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Sebrina Constance Bingley,**<br>　　　　　　　　DEBTOR(S)<br><br>Address: **810 Playground Road**<br>　　　　　**Charleston, SC 29407**<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): **6002** | CASE NO: 19-05973<br><br>CHAPTER 13 |

### NOTICE OF OPPORTUNITY TO OBJECT

　　　　The debtor(s) in the above-captioned case filed a chapter 13 plan on November 22, 2019. The plan is attached.

　　　　**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

　　　　Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

　　　　If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

　　　　**If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.**

Date: November 22, 2019　　　　　　　　　　/s/ Richard A. Steadman, Jr.
　　　　　　　　　　　　　　　　　　　　　Richard A. Steadman, Jr.
　　　　　　　　　　　　　　　　　　　　　P.O. Box 60367
　　　　　　　　　　　　　　　　　　　　　North Charleston, SC 29419
　　　　　　　　　　　　　　　　　　　　　Ph. (843) 529-1100
　　　　　　　　　　　　　　　　　　　　　rsteadman@steadmanlawfirm.com
　　　　　　　　　　　　　　　　　　　　　District Court I.D. #4284
　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor(s)

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | Sebrina Constance Bingley | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF SOUTH CAROLINA | |
| Case number: | 19-05973 | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

## District of South Carolina
## Chapter 13 Plan

5/19

### Part 1:  Notices

To Debtor(s):    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2:  Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$1,475.00** per **Month** for **57** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | Sebrina Constance Bingley | Case number | 19-05973 |
|---|---|---|---|

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☐ The debtor will make payments directly to the trustee.
- ☑ Other (specify method of payment):
  **TFS Online Bill Pay**

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- ☐ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

- ☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

  *Insert additional claims as needed.*
- ☑ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- ☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

  *Insert additional claims as needed*
- ☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

  *Insert additional claims as needed*

District of South Carolina

| Debtor | Sebrina Constance Bingley | Case number | 19-05973 |
|---|---|---|---|

**3.2** Request for valuation of security and modification of undersecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check one.*
☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Badcock WS Corp** | Bedroom set | $1,374.03 | 6.25% | $30.00 (or more) <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| Santander Consumer USA | 2018 Kia Forte 52599 miles <br> VIN: 3KPFL4A73JE233755 | $21,880.00 | 6.25% | $445.00 (or more) <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |

*Insert additional claims as needed.*

**3.4** Lien avoidance.

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5** Surrender of collateral.

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4: Treatment of Fees and Priority Claims

**4.1** General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

**4.3** Attorney's fees.

| Debtor | **Sebrina Constance Bingley** | Case number | **19-05973** |
|---|---|---|---|

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐     **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑     **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑     The debtor estimates payments of less than 100% of claims.
☐     The debtor proposes payment of 100% of claims.
☐     The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.
☑     The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Debtor | Sebrina Constance Bingley | Case number | 19-05973 |
|---|---|---|---|

| Name of creditor | Total amount to be paid on the claim | Interest Rate (if applicable) |
|---|---|---|
| US Dept of Ed/Nelnet | $ 0.00 per month or pursuant to Schedule J | unknown |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor. Debtor will pay monthly as indicated on Schedule J, directly to creditor, but if these claims are filed by any other entity than that listed in the schedules and plan, Debtor will be responsible to notify the Trustee, or Trustee may make disbursements on the claim pursuant to 5.1 above.

Provide a brief statement of the basis for separate classification and treatment. This class discrimination is fair pursuant to 11 U.S.C. § 1322(b)(1), as the debt to this creditor represents a signification portion of the total general unsecured debt; the estimate payments to the remainder of the pool of unsecured creditors without priority is likely to be lower if the Debtor included the debt in the pool to be paid *pro rata* by the Trustee. Debtor agrees that if she signs a certification of plan completion, she will be certifying that all contractual payments that came due to this creditor have been made through the date of certification.

### Part 6:  Executory Contracts and Unexpired Leases

6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑  **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7:  Vesting of Property of the Estate

7.1  **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐  **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8:  Nonstandard Plan Provisions

8.1  **Check "None" or List Nonstandard Plan Provisions**
☐  None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**Statement in Support of Confirmation:**
Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.

**Reservation of Rights:**
Confirmation of this Plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

**Confirmed Plan vs. Proof of Claim:**
The confirmation of this plan may determine the character (secured, unsecured, or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the

| Debtor | Sebrina Constance Bingley | Case number | 19-05973 |
|---|---|---|---|

plan, the creditor must timely object to confirmation.

**Student Loan Claims (From Section 5.3):**
**Payment to U.S. Department of Education, Nelnet, and/or its servicers, assignees, guarantors (Collectively referred to hereafter as "Student Loan Creditor"):** Debtor will pay this student loan creditor directly as indicated on Schedule J; this creditor will no longer share in the pro rata distribution from the Trustee. If this claim is filed by any other entity or account number, Debtor will be responsible to notify the Trustee or Trustee may make disbursements on the claim.

**No Request for Discharge:** The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of the student loan obligations.

**No Discriminatory Treatment:** Student Loan Creditor shall not discriminate against Debtor and Debtor shall be entitled to all repayment options available to non-bankruptcy borrowers for which they are otherwise eligible.

**Pre-Petition Enrollment in IDR or Other Repayment Plan:** The Debtor shall be allowed to maintain enrollment in any pre-petition repayment plan for which they are or remain eligible, including but not limited to Income Driven Repayment ("IDR") plans and/or the Public Service Loan Forgiveness program, without disqualification due to the bankruptcy. Any direct payments made by the Debtor to Student Loan Creditor since the filing of the petition shall be applied to any repayment plan in which the Debtor was enrolled pre-petition **despite any form of administrative forbearance status imposed due to the bankruptcy filing.**

**Post-Petition Enrollment in IDR or Other Repayment Plan:** The Debtor may submit an application for participation in any IDR plan, including but not limited to the Public Service Loan Forgiveness Program, for which the Debtor is otherwise qualified, without disqualification due to the bankruptcy. If the Debtor is qualified for an IDR plan, Student Loan Creditor may place the Debtor in an IDR plan while the Chapter 13 case is open. Debtor may also elect to enroll in any non-IDR repayment plan without disqualification due to the bankruptcy if Debtor is otherwise eligible. Whether qualified for an IDR plan or enrolled in a non-IDR plan, monthly payments will be due to Student Loan Creditor while this Chapter 13 case is open.

**Consolidation:** The Debtor may, if necessary and desired, seek a consolidation, if s/he is otherwise eligible, of his/her student loans by separate motion and subject to subsequent court order.

**Annual Recertification:** Student Loan Creditor will inform Debtor and Debtor's Attorney through written or electronic correspondence when the annual certification package is due, in accordance with whatever procedures they use to inform non-bankruptcy borrowers about the requirement to re-certify and provide Debtor and Debtor's Attorney with all information and deadlines related to that process. **Notice to recertify will be sent to the Debtor and Debtor's attorney even if the account(s) has been put into an administrative forbearance status due to the filing of the bankruptcy.** After notification of the requirement to recertify, the Debtor will certify in accordance with the federal regulations. The Debtor shall notify the Chapter 13 Trustee of any adjustment (increase or decrease) to the Debtor's monthly IDR plan payment resulting from annual certification.

**11 U.S.C. § 362(a):** For the purposes of student loan IDR applications and/ or continuing participation in an IDR plan, or enrollment and/or participation in any non-IDR repayment plan while this Chapter 13 case is open, loan servicing, processing and other communications to the Debtor including late payment notices shall not be treated as violations of the automatic stay provisions of 11 U.S.C. § 362(a).

**Failure to Make Payments or Termination of Participation:** Debtor may elect to cease making payments on the Federal Student Loan and request administrative forbearance status and Student Loan Creditor will stay collection action until after this Chapter 13 case is closed. The Debtor will amend Schedule J and modify the Plan accordingly. If the Debtor becomes 60 days or more delinquent in post-petition payments to Student Loan Creditor, Student Loan Creditor will notify Debtor and his attorney by letter within 10 days of the 60-day delinquency.

**Conduit (from Section 3.1(c)):**

In addition to the below, the provisions of the assigned Judge's Operating Order in RE: Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.

**Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:**

| Debtor | **Sebrina Constance Bingley** | | | Case number | **19-05973** | |
|---|---|---|---|---|---|---|

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount)* | Monthly payment to cure GAP** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE ** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| BSI Financial Services | 810 Playground Road, Charleston, SC 29407; Charleston County; TMS: 418-05-00-305 | $ <u>648.60</u> Escrow for taxes: yes  Escrow for insurance: yes | $ <u>23.00</u> or more | $ <u>5,000.00</u> | $ <u>90.00</u> or more |

*Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.
**The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro-rata basis as funds are available. See the Operating Order of the Judge assigned to this case.
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

## Part 9:   Signatures:

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X   **/s/ Sebrina Constance Bingley**                             X   _____
    **Sebrina Constance Bingley**                                       Signature of Debtor 2
    Signature of Debtor 1

    Executed on    **November 22, 2019**                          Executed on   _____

X   **/s/ Richard A Steadman, Jr.**                               Date   **November 22, 2019**
    **Richard A Steadman, Jr. 4284**
    Signature of Attorney for debtor   DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**